BECKER, Respondent, v. MANHATTAN RY. CO., et al., Appellants. (Supreme Court, General Term, First Department. June 14, 1895.) Action by Louisa Becker against the Manhattan Railway Company and others. J. C. Bushby, for appellant. J. A. Weekes, for respondent.

PER CURIAM. The judgment which was awarded in this case depends largely upon the testimony of the plaintiff. An examination of the evidence given by her shows that she was able to tell the story which she had learned; but, when taken from that which she had evidently committed to memory, she was utterly unable to testify as to circumstances which were as likely to be in her memory as those in respect to which she had given evidence. She testified with great distinctness as to the rents received in 1870, but was unable to remember the names of any of the tenants at other times, or to give the rents of other years with the certainty of those of 1870. When she did attempt to do so, in one instance, at least, she was shown by the evidence of the tenant not to have testified correctly. This obliviousness upon the part of the witness in reference to other periods of time in which rents were collected necessarily rendered all her testimony unreliable. We think, therefore, that no basis was laid for the judgment which was given, and the same should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

BENNETT, Respondent, v. UNITED LIFE INS. ASS'N OF NEW YORK, Appellant. (Supreme Court, General Term, Third Department. July 6, 1895.) Action by Arthur T. Bennett against the United Life Insurance Association of New York. No opinion. Judgment affirmed, with costs.

BEREAU v. O'CONNELL. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by Henry Bereau against Daniel O'Connell. No opinion. Motion to vacate order of February 11, 1895, denied. See 30 N. Y. Supp. 81.

BLEICH et al., Appellants, v. STERZELBACH, et al., Respondents. (Superior Court of New York City, General Term. June, 1895.) Action by Ignatz Bleich and others against Joseph Sterzelbach and others. Goldsmith & Doherty, for appellants. Gruber & Bonynge, for respondents.

FREEDMAN, J. This is an action to recover the possession of certain personal property, or its value, taken by the sheriff from the plaintiffs under an attachment issued to him against the property of one Nathan Silverstein. The defendants indemnified the sheriff, and the property was taken upon the strength of their indemnity bond. The plaintiffs claimed title as bona fide purchasers for value from Nathan Silverstein. The question as to the validity of this purchase was fully litigated at the trial as a question of fact. Both parties gave evidence upon the point, and at the close of the whole case the plaintiffs did not move for the direction of a verdict, but at once went to the jury, and the case was submitted to the jury under a charge to which practically no exception was taken. The record discloses no error, and no reason appears for a disturbance of the verdict, which the jury rendered for the defendants. The judgment and order should be affirmed, with costs.

BLOOM et al. v. NATIONAL UNITED BENEFIT SAVINGS & LOAN CO. (Supreme Court, General Term, Fifth Department. January, 1895.) Action by Hymen Bloom and others against the National United Benefit Savings & Loan Company. No opinion. Motion to amend the memorandum of decisions by inserting therein that the reversal of the judgment and new trial were upon questions of fact as well as of law, granted. If, by reason of the amendment, the plaintiffs shall desire to discontinue the appeal to the court of appeals they may do so without costs. See 30 N. Y. Supp. 700.

BORDMAN et al. v. KINNEY et al. (Supreme Court, General Term, First Department. June 14, 1895.) Action by John J. Bordman and another against James B. Kinney and another. No opinion. Motion granted, with $10 costs.